IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| ERIC MARADIAGA, ) | Civil Action No. 4:05-2836-PMD-TER |
| ) | |
| Plaintiff ) | |
| ) | |
| v. ) | |
| ) | REPORT AND RECOMMENDATION |
| DARREN WILSON, HIGHWAY ) | |
| PATROLMAN; DAVID THOMLEY, ) | |
| CAPTAIN AND HIGHWAY ) | |
| PATROLMAN, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

The plaintiff, *pro se,* instituted this action on October 5, 2005, pursuant to 42 U.S.C. § 1983[1] alleging violations of his Constitutional Rights.

On February 28, 2006, and April 11, 2006, plaintiff filed motions for default judgment or relating to default judgment. (Doc.# 9 and #12). In his motions, plaintiff asserts that "on November 7, 2005, U.S. Marshalls Service executed service of summons and complaint on the defendants. To date, defendant[s] have failed to respond. Under F.R.C.P. Rule 55(b)(1) plaintiff respectfully petition[s] the Clerk of Court to entry[sic] default against these defendants." (Doc. #9).

A review of the docket report reveals that an Order was issued authorizing service of process on October 13, 2005. On October 20, 2005, a summons was issued as to defendant Wilson and defendant Thomley. On October 30, 2005, the summonses were returned unexecuted as to both

---

[1]All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

defendants. A review of this entry reveals that defendant Thomely is no longer employed with the South Carolina Highway Patrol. (Doc. #7). It is noted that as of November 7, 2005, defendant Wilson had been activated to Iraq. (Doc. #8). Therefore, none of the defendants have been served with the summons and complaint.

As stated, the Office of the United States Marshal returned the items to the Clerk's Office, and noted that it was not able to effect service of process.[2]

Therefore, it is RECOMMENDED that plaintiff's motions for default judgment (doc. #9 and 12) be DENIED and that the Clerk of Court be directed to send Forms USM-285 and summonses to the plaintiff giving him thirty (30) days from the date the District Judge's order is entered to provide updated address(es) for the unserved defendant(s).

It is further RECOMMENDED that the U.S. Marshall Service attempt to re-serve defendant Wilson at the previous address given by plaintiff if plaintiff is unable to provide a more current address within thirty (30) days in the event defendant Wilson has returned from Iraq.

---

[2] Rule 4(m) [formerly Rule 4(j)] of the Federal Rules of Civil Procedure provides that unless a particular defendant is served within 120 days after the complaint is filed, this court is required to dismiss an action without prejudice as to that particular defendant.

Case law interpreting Rule 4(m) or its predecessor, "old" Rule 4(j), has uniformly held that dismissal is mandatory unless good cause is shown if the defendants are not served within 120 days. *See*, *e.g.*, Mendez v. Elliott, 45 F.3d 75, 78-80, 1995 U.S.App. LEXIS® 1432 (4th Cir. 1995)(collecting cases); Epstein v. White, 1991 U.S.Dist. LEXIS® 14888, 1991 WESTLAW® 214152 (N.D.Ill., October 18, 1991), *reconsideration denied*, Epstein v. Frye, 1992 U.S.Dist. LEXIS® 13574, 1992 WESTLAW® 225566 (N.D.Ill., September 8, 1992); and *cf.* Mid-Continent Wood Products, Inc. v. Harris, 936 F.2d 297, 1991 U.S.App. LEXIS® 13888 (7th Cir. 1991).

                                                Respectfully submitted,

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United States Magistrate Judge

June 12, 2006
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**